```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


MELISSA DIRETTO,                )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:16cv1037(JCC/IDD)
                                )
COUNTRY INN & SUITES BY         )
CARLSON, et al.,                )
                                )
     Defendants.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Rule 72(a) Objection to the Magistrate Judge's Ruling [Dkt. 32] and Defendant's Partial Motion to Dismiss [Dkt. 40]. Having reviewed the pleadings, the Court will overrule Plaintiff's Rule 72(a) objection and grant Defendant's Motion to Dismiss in part and deny it in part.

## I. Background

The allegations of fact from Plaintiff's Amended Complaint are taken as true for purposes of Defendant's Motion to Dismiss. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

From June 22 to June 24, 2016, Peter Neely and two of his minor children stayed at Defendant Country Inns & Suites by Carlson, a hotel owned by Defendant Sun Group Management, LLC.

Am. Compl. [Dkt. 18] ¶¶ 9, 10, 15. During his stay, Mr. Neely availed himself of the hotel's amenities, including a shower, a faucet, and most importantly, a whirlpool tub. *Id*. ¶ 17. The tub's water was heated, and Plaintiff inhaled the resulting vapor while using it. *Id*. ¶ 18.

On July 3, 2016, Mr. Neely began to experience the symptoms of Legionnaires' disease, *id*. ¶ 22, a form of pneumonia that can be caused by the inhalation of waterborne bacteria. Mr. Neely was particularly susceptible to the disease, having undergone a stem cell transplant in 2015. *Id*. ¶ 14. He was admitted to the Hospital of the University of Pennsylvania on July 6, 2016, and died four days later on July 10, 2016. *Id*. ¶¶ 24, 25. The following day, a bronchoalveolar test confirmed that Mr. Neely's death had been caused by Legionnaires' disease. *Id*. ¶ 24.

On July 20 and 25, 2016, an Environmental Health Specialist with the Virginia Department of Health inspected the whirlpool tub at the hotel where Mr. Neely and his children had stayed the previous month. *Id*. ¶ 19. The Specialist found that the tub's water was substantially underchlorinated and that its flow meters appeared non-functional. *Id*. ¶ 20. Chlorine serves as an essential safeguard against the bacteria that causes Legionnaire's disease. *Id*. ¶ 21. After the inspections,

Defendants chlorinated their water system to bring it back into compliance with Virginia's public health standards.

On August 12, 2016, Plaintiff Melissa Diretto – Mr. Neely's widow and executrix of his estate, *id.* ¶ 7 – filed suit against Defendants, contending that Defendants' failure to maintain their water system caused Mr. Neely's death. The same day, Plaintiff filed an *Ex Parte* Motion [Dkt. 2] seeking a temporary restraining order preventing Defendants from destroying any bacteria in their water system and permitting Plaintiff to perform tests on that water. The Court denied Plaintiff's Motion on August 18, 2016, *see* Memorandum Opinion [Dkt. 12], and required Plaintiff to submit an amended complaint clarifying the Court's jurisdiction over this matter.

Plaintiff filed her Amended Complaint [Dkt. 18] on August 30, 2016, and on September 9, 2016, renewed her request for expedited testing of Defendants' water system under Federal Rule of Civil Procedure Rule 34. *See* Rule 34 Mot. to Inspect [Dkt. 20]. That Motion was referred to Judge Davis, who denied it on September 16, 2016. *See* Order [Dkt. 31]. Two weeks later, Plaintiff filed a Rule 72(a) Objection [Dkt. 32] to Judge Davis' ruling, but did not include the notice of oral argument required by Local Civil Rule 7(E). Several days after that, Plaintiff filed a waiver of oral argument. The inspection of Defendant's water system took place shortly thereafter, on

3

October 20, 2016, without the Court having ruled on Plaintiff's Objection.

On November 7, 2016, Defendants filed a Partial Rule 12(b)(6) Motion to Dismiss [Dkt. 40], directed at Counts I, II, V, and VI of Plaintiff's Amended Complaint. Defendants, however, also failed to file the notice of oral argument required by Local Civil Rule 7(E). Defendants did not do so until December 5, 2016 – two days before the Motion would have been deemed withdrawn under that Rule. Plaintiff failed to respond to Defendants' Motion, and the time for any such response has now elapsed.

## II. Legal Standard

Federal Rule of Civil Procedure 72(a) authorizes magistrate judges to enter final orders on non-dispositive pretrial matters. If a party objects to a magistrate judge's ruling on a non-dispositive matter, a district court judge may set it aside if it is "clearly erroneous or contrary to law." *Id.; FEC v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998). This standard is deferential, and the magistrate judge's ruling will be affirmed unless the entire record leaves the Court with "the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir.1985).

4

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (citations omitted). Generally, the Court may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III. Analysis

#### A. Plaintiff's Rule 72(a) Objection

Plaintiff objects to Judge Davis' Order denying her Rule 34 Motion, pursuant to which she sought to test Defendant's water system for *Legionella* bacteria on an expedited basis. As an initial matter, it appears that Plaintiff's Objection is now moot. Although Plaintiff was not able to inspect Defendants' water system on the timetable she desired, the inspection did eventually take place on October 20, 2016. *See* Mot. for Extension of Time to Complete Discovery [Dkt. 51]. The order

5

Plaintiff seeks in her Objection – one requiring that the inspection take place immediately – would at this point be of little use.  The Court therefore cannot presently award Plaintiff any meaningful relief.

The Court notes that Plaintiff is herself partly to blame for this state of affairs.  Notwithstanding her representations of urgency, Plaintiff waited two weeks after the entry of the Judge Davis' Order to lodge her Objection.  She failed to file the waiver of oral argument required by this Court's local rules until several days after that.[1]  This delay spanned more than half the time between Judge Davis' Order and the ultimate date of the inspection.

The Court notes as well that Plaintiff's characterization of Judge Davis' Order is not entirely accurate.  While Judge Davis largely denied Plaintiff's Motion, he ordered Defendants to retain an expert within three weeks of the hearing and to confer with Plaintiff to set a date for the inspection of Defendants' water system.  Judge Davis therefore *did* permit early discovery, but did so in a manner that accounted for the possibility of prejudice to Defendants.  Based on the representations of Plaintiff's counsel at the hearing on this

---

[1]   The parties are advised that this Court generally does not begin to consider a motion until the movant has filed a notice of oral argument pursuant to Local Rule 7(E).  Failure to follow Local Rule 7(E) therefore results in delayed proceedings.

matter, this delayed Plaintiff's desired inspection by only about two weeks.

Regardless, the Court finds no error in Judge Davis' ruling. The order of a magistrate judge with respect to a discovery motion may only be set aside under Federal Rule of Civil Procedure 72(a) if it is "clearly erroneous or is contrary to law." This is a deferential standard. *See Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W. Va. 1994). Here, Plaintiff was entitled to inspect Defendant's premises under Rule 34 on an expedited basis only upon a showing of "good cause." *See Carter v. Ozoeneh*, No. 3:08CV614, 2009 WL 1383307, at *3 (W.D.N.C. May 14, 2009); *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11CV88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011). Judge Davis determined that Plaintiff largely failed to meet that standard, and found that Defendants should be permitted time to retain an expert to observe Plaintiff's tests.

This conclusion was well supported. In particular, Judge Davis correctly noted that Plaintiff's various arguments rested upon speculation. First, Plaintiff's counsel contended that if the test was not performed on an expedited basis, Defendants might destroy evidence of bacteria in their water system through "hyper-chlorination." The only reason Plaintiff's counsel gave for his concern, however, was a similar experience in a past case. He provided no reason for the Court

7

to believe that Defendants *here* would resort to such unlawful conduct. Furthermore, Plaintiff's counsel was unable to explain why sanctions, such as adverse inferences, would be insufficient to address Defendants' hypothetical malfeasance. Plaintiff's counsel was similarly unable to explain why, if Defendants were indeed willing to destroy evidence, expedited discovery would do any good, as Defendants had ample opportunity to hyper-chlorinate their water system before the hearing. Finally, the Court notes that the undersigned had, just weeks prior, rejected the very same argument when it was presented in support of Plaintiff's Motion for a TRO. *See* Mem. Op. [Dkt. 12] at 9-10.

Plaintiff's argument that evidence of bacteria might simply disappear from Defendants' water system was similarly speculative. As Judge Davis observed, Plaintiff did not adequately explain why, if evidence of bacteria could survive for more than a month after Defendants' efforts at remediation, it would suddenly disappear given a few additional weeks. In short, Plaintiff did not so clearly demonstrate "good cause" as to render Judge Davis' decision clearly erroneous or contrary to law. The Court will therefore overrule Plaintiff's Objection to Judge Davis' Order.

**B. Defendants' Motion to Dismiss**

Defendants move to dismiss Counts I and II of Plaintiff's Complaint, which allege claims for breach of

contract, as well as Counts V and VI, which allege negligence *per se*. Plaintiff has failed to respond, conceding the points raised in Defendants' Motion. *See Brown-Henderson v. Capital One, N.A.*, No. CIV.A. DKC 13-3324, 2014 WL 3778689, at *1 (D. Md. July 29, 2014) (discussing the effect of failing to respond to a motion to dismiss).

As to Plaintiff's breach of contract claim, Plaintiff identifies no contractual provision Defendants allegedly breached by failing to adequately maintain their water system. While there does appear to have been an express contract between the Mr. Neely and Defendant Country Inns & Suites, *see* Opp. Exh. 1 [Dkt. 41-1], in includes no warranties regarding the hotel's water system.[2] Moreover, Plaintiff does not allege facts to support the proposition that an implied contract existed between Mr. Neely and Defendants. "Like an express contract, an implied-in-fact contract is created only when the typical requirements to form a contract are present" as determined through "'consideration of [the parties'] acts and conduct.'"

---

[2] Courts evaluating a Rule 12(b)(6) motion may consider documents expressly or necessarily incorporated by reference into a plaintiff's complaint without converting the motion into one for summary judgment. *See, e.g., Norfolk Fed'n of Bus. Districts v. Dep't of Hous. & Urban Dev.*, 932 F. Supp. 730, 736 (E.D. Va.), *aff'd sub nom. Norfolk Fed'n of Bus. Districts v. City of Norfolk*, 103 F.3d 119 (4th Cir. 1996). It seems that Defendants' Exhibit 1 is the only express contract to have existed between Mr. Neely and either Defendant. The Court therefore deems it to be the express contract relied upon by, and therefore incorporated into, Plaintiff's Complaint.

9

*Spectra-4, LLP v. Uniwest Commercial Realty, Inc.*, 290 Va. 36, 45 (2015) (quoting *City of Norfolk v. Norfolk Cty.*, 120 Va. 356, 362 (1917)) (alteration in original). The Complaint includes no allegations regarding the conduct of the parties tending to show that Defendants' water system was the subject of a bargain upon which there was mutual assent and consideration.

The lack of a contract warranting the safety of Defendants' water system is unsurprising, as Defendants owed Plaintiff a duty to maintain their water system independent of any contractual provision. As Defendants correctly point out, this is a duty owed to the Defendants' patrons under the common law. As such, any action for breach of this duty sounds in tort rather than in contract. As the Supreme Court of Virginia has explained:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 558 (1998) (quoting *Oleyar v. Kerr, Trustee*, 217 Va. 88, 90 (1976)).

As for Plaintiff's claim of negligence *per se*, Defendants argue that Plaintiff cannot maintain both that claim and a claim for ordinary negligence. The Court disagrees.

A claim for ordinary negligence under the common law requires that a plaintiff show "the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132 (2000). Generally, where a claim of negligence is concerned, the duty owed is one of ordinary care. This is "'a relative term, and varies with the nature and character of the situation to which it is applied,'" depending on the "'degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another.'" *Perlin v. Chappell*, 198 Va. 861, 864 (1957) (quoting *Montgomery Ward & Co. v. Young*, 195 Va. 671, 673 (1954)). Where a claim of negligence *per se* is concerned, however, this flexible standard is replaced by the "'the requirements of a legislative enactment'" relating to public safety. *Kaltman v. All Am. Pest Control, Inc.*, 281 Va. 483, 496 (2011) (quoting *Butler v. Frieden*, 208 Va. 352, 353 (1967)). Here, Plaintiff contends that the relevant legislative enactment is Virginia Administrative Code sections 5-460 and 5-462, which govern the maintenance of public water facilities.

11

Negligence and negligence *per se* constitute two independent ways in which Plaintiff may prove her negligence claim. Plaintiff may show that the doctrine of negligence *per se* applies in this instance, and that Defendants violated Virginia Administrative Code sections 5-460 and 5-462. Alternatively, she may prove her claim for ordinary negligence by showing that Defendants, in maintaining their water system, failed to exercise the "degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another." *Perlin*, 198 Va. at 864. While these are not entirely freestanding causes of action, the Court can see no reason why Plaintiff is prohibited from pleading both negligence and negligence *per se*.

Defendants point out that "the doctrine of negligence per se does not create a cause of action where none otherwise exists." *Williamson v. Old Brogue*, Inc., 232 Va. 350, 355 (1986). This, however, is a non sequitur. Defendants acknowledge in their Motion that there is a common law cause of action for negligence here, such that might plausibly serve as a basis for a claim of negligence *per se*.

The Court notes that it is unclear what Defendants stand to gain from moving to dismiss Plaintiff's claim for negligence *per se*. Defendants do not contend that Plaintiff is precluded from simultaneously advancing both arguments discussed

above.  Rather, they argue only that Plaintiff may not include both in her Complaint.  This appears to be a cosmetic quibble with Plaintiff's pleadings that is irrelevant to the substance of these proceedings.

## IV. Conclusion

For the foregoing reasons, the Court will overrule Plaintiff's Rule 72(a) Objection [Dkt. 32], and with grant in part and deny in part Defendant's Partial Motion to Dismiss [Dkt. 40].

|  | /s/ |
|---|---|
| February 2, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |